## IN THE DISTRICT COURT OF WASHINGTON COUNTY
### STATE OF OKLAHOMA

| | | |
|---|---|---|
| RUSSELL R. RENFRO, | ) | DISTRICT COURT |
| ADAM K. WALKER, | ) | WASHINGTON COUNTY, OK |
| SONYA J. WORTHINGTON, | ) | FILED |
| ELIZABETH J. MITCHELL, | ) | 2012 MAR 15  A 11: 28 |
| STACY C. NEAFUS, | ) | |
| THOMAS J. LEBLANC, | ) | JAMES D. WEAVER |
| CODY I. THOMAS, | ) | COURT CLERK |
| CAREY W. DUNIPHIN, | ) | BY _____ DEPUTY |
| All Individuals, | ) | |
|           Plaintiffs, | ) | Case No.: CS-2012-68 |
| v. | ) | |
| | ) | |
| CITY OF BARTLESVILLE, OKLAHOMA, | ) | |
| An Oklahoma Municipal Corporation. | ) | |
| | ) | |
|           Defendant. | ) | |

## PETITION FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF AND CLASS ACTION

COMES NOW Russell R. Renfro, Adam K. Walker, Sonya J. Worthington, Elizabeth J. Mitchell, Stacy C. Neafus, Thomas J. LeBlanc, Cody I. Thomas, and Carey W. Duniphin individually and as Plaintiffs herein, and for their causes of action against the Defendant, City of Bartlesville, an Oklahoma municipality, allege and state as follows, to-wit:

### JURISDICTIONAL FACTS

1. The Plaintiffs are individuals residing in the City of Bartlesville, Washington County, Oklahoma.

2. That the Defendant, City of Bartlesville, Oklahoma, is an Oklahoma municipality located in Washington County, Oklahoma.

3. That the events relevant to the Plaintiff's cause of action took place at the Defendant's place of business, the Bartlesville Police Department or elsewhere in Bartlesville, Oklahoma, from on or about April 1st, 2010 to the present and are continuing.

# EXHIBIT A

4.  That the Plaintiffs were past and present Bartlesville Police officers and at all times relevant hereto were employed by the City of Bartlesville.

## PRAYER FOR INJUNCTIVE RELIEF

5.  That the City of Bartlesville (hereinafter "City" or "Defendant") collects and maintains personal information regarding employees as part of its policies and procedures.

6.  That much of the information collected and maintained is personal and private information such as social security information and other such information that reasonable individuals would expect to be protected against invasion of such information and harm from disclosure of that information.

7.  That the City has adopted rules and regulations concerning employees' personal information including the content of said information, the storage of such information, and the accessibility of said information by administrators of the City and/or other employees.

8.  That the City, contrary to their own policies and procedures, requires employees who present medical bills for purposes of reimbursement from insurance, to disclose confidential medical records to other employees and then to the public.

9.  That the City, in violation of their own policies and procedures, allows computers to be utilized for personal use, even allowing otherwise confidential information concerning employees to be disclosed to others.

10. That the City maintains inadequate computer security allowing otherwise   unauthorized persons the ability to access private personnel files, without the employee's knowledge, consent or permission and contrary to the policies and procedures in effect.

11. That the City is violating their own rules and regulations by maintaining multiple copies of information files including those kept separately in individual desks, cabinets,

computers and have used such wrongfully retained information for disciplinary actions or other personnel review matters, including termination.

12. That the City has in the past and is presently continuing to violate the rights of individuals by disclosing information to employees and by the publication of private and protected information to non-employees.

13. That the City fails, in many instances, to maintain complete personnel files with documents missing such as commendations from the public, all contrary to the policies as set forth in its rules and regulations.

14. That the City by allowing information be maintained by others and utilized in the fashion described creates an opportunity for such personal information to be wrongfully disseminated by other City employees or administrators for the purpose of retaliation, discrimination, and personal vindication.

15. That the City, under the guise of "training films", has shown employees video of Plaintiff's Stacy C. Neafus and Sonya J. Worthington, which video served as the basis for their termination and was therefore part of their personnel file.

16. That in addition to showing such information from personnel records to unauthorized persons, the Defendant, through the Bartlesville Police Department, has also taken said video outside the police department showing the video for other than "training" purposes.

17. That releasing personal information of Defendant's employees in such an arbitrary and capricious manner demonstrates a lack of administrative control and a failure to follow the Defendant's own rules and procedures.

18. That Defendant's administrators refuse to comply with their policies and procedures, State and Federal laws, even when directed by Court Order to do so, for which reason these Plaintiffs are powerless to correct these wrongful actions and need the Court to order injunctive relief.

19. That the City of Bartlesville should be enjoined from violating federal and state laws in its practices as same create an immediate and irreparable threat of harm to all municipal employees and the Plaintiffs in particular.

20. That the City should be immediately ordered to collect and then to remove and destroy all personnel information maintained by any department other than that information required to be maintained by the City's policies and procedures, State or Federal law.

21. That the City should be ordered to adopt and enforce rules and regulations for the proper maintenance and use of information retained in regard to all City employees and the Plaintiffs in particular.

22. That this Court should immediately issue a protective order directing that any discovery produced in regard to this case may be first be reviewed, redacted where necessary, and approved by this Court before being filed in this case.

WHEREFORE, Plaintiffs pray for an order enjoining the Defendant, City of Bartlesville, from the improper practices hereinabove set forth; for attorneys' fees and costs of the action; and for such other and further relief as the Court may deem equitable and proper.

## DECLARATORY RELIEF

23. That Plaintiff incorporates by reference all allegations previously set forth in paragraphs 1 through 22 as if fully set forth herein.

24. That Plaintiffs have repeatedly requested information concerning their own personnel records but to date have not been provided a complete file of same by the City.

25. That such requests, although timely and properly made and in compliance with the Freedom of Information Act, did not include information from review boards, reasons for promotion or demotion, letters of commendation from superior officers, or letters of a favorable nature from the public.

26. That failure to provide a complete file indicates that decisions made regarding promotion and/or demotion of the Plaintiffs, including termination, have been based upon documents withheld from the Plaintiffs, contrary to the Freedom of Information Act.

27. That "secret" files have been maintained for the purpose of punishing the Plaintiffs, by administrators for the City, in violation of both the policies and procedures of the City as well as an attempt to avoid compliance with the Freedom of Information Act requests.

WHEREFORE, Plaintiffs pray that the Court issue an order declaring such practices to be illegal pursuant to the Freedom of Information Act, improper pursuant to the policies and procedures of the City and order the Defendant to immediately comply with the State and Federal laws governing the protection, maintenance and disclosure of personnel matters; for attorneys' fees and costs; and for such other and further relief as the Court may deem equitable and proper.

## CLASS ACTION ALLEGATIONS

28. That the Plaintiffs set forth all allegations previously set forth in paragraphs 1 through 23 as if more fully set forth herein.

29. That Plaintiffs request the certification of a class action and state that the class of people represented by the Plaintiffs consists of all past and present employees of the City of Bartlesville and not just those employees of the Bartlesville Police Department.

30. That this class consists of those employees of the City who are citizens of Oklahoma and have been employed by the City during the four years preceding the filing of this action.

31. That it is estimated that this class will not exceed 200 in number and that all members of the proposed class have been subjected to the same course of action by the City or its agents.  Therefore the proposed class shares many of the same facts in common.

32. That the questions of law and fact common to the proposed class include but are not limited to:

(a) Whether their demotion, promotion, or termiantion was based upon files not part of any personnel file normally maintained as required by City policies and procedures?

(b) Whether any employee requests pursuant to the Freedom of Information Act resulted in the production of incomplete personnel files?

(c) Whether information contained in personnel files, both properly maintained and maintained in "secret" was divulged to other persons, such information including social security, date of birth, family background, and/or medical history without the knowledge or permission of the employee affected?

(d) Whether there existed and/or still exists a concerted effort to avoid compliance with City policies and procedures, the Freedom of Information Act and other State and Federal law, by individual administrators of the City of Bartlesville?

33. That these questions of law and fact are common to the class and predominate over questions concerning individual class members.

34. That a class action is superior to other available methods for a fair and efficient adjudication of the controversy.

35. That if a class is not certified, the prosecution of different causes of action would create substantial risk from inconsistent judgments.

36. That the class action is the best device by which to prosecute this case as the uniform misconduct by the City presents no difficulty in managing the class action.

37. That the action by the Plaintiffs will fairly and adequately represent the members of the class and Plaintiffs are unaware of any potential conflict of interest which prevents them from serving as class representatives.

WHEREFORE, Plaintiffs on behalf of themselves and all other citizens of the State of Oklahoma similarly situated request relief as follows:

(a) That the Court certify this case as a class action with Plaintiffs as the class representatives and Plaintiffs' attorneys as class counsel;

(b) That the Court determine that the City be enjoined from any further illegal or improper actions against any member of the proposed class, involving the use of personnel files;

(c) That the City be ordered to take all necessary steps to protect the privacy of all members of the proposed class by destroying all files, documents, records or notes, not kept in strict compliance with Defendant's policies and procedures, Federal and/or State law.

(d) That the City be ordered to compensate the class for all damages suffered by them as a result of Defendant's illegal and improper employment practices, in an amount not less than Ten Thousand Dollars ($10,000.00) for each member of the class so injured;

(e) That the City be ordered to pay an amount in punitive damages to the class as a result of City's willful violations of their policies and procedures, State and Federal law;

(f) That the City be ordered to pay all costs and fees associated with this action;

(g) That the Court award each member of the class so injured such other and further relief as the Court may deem equitable and proper.

**JURY TRIAL REQUESTED.**

**ATTORNEY'S LIEN CLAIMED.**

THE LAW CENTER OF AKERS & ESSER

Johnny P. Akers, OBA#10711
Frederick S. Esser, OBA#2761
Law Center of Akers and Esser
401 S. Dewey, Suite 214
Bartlesville, Oklahoma 74003
Telephone: 918.336.1818
Fax: 918.338.0888
*Attorneys for the Plaintiffs*

## VERIFICATION

STATE OF OKLAHOMA              )
                              )ss:
COUNTY OF WASHINGTON           )

Sonya J. Worthington, of lawful age and being first duly sworn, states that she has read the

foregoing Petition, that she is familiar with the contents thereof, and that the allegations set forth

therein are true and correct.

_____
Sonya J. Worthington

Subscribed and sworn to before me this 16th day of March, 2012.

_____
Shona Reel, Notary Public
Commission #2008931
Expires 06/14/14

SHONA REEL
NOTARY
# 0200893
EXP. 06/14/14
PUBLIC
STATE OF OKLAHOMA

## VERIFICATION

STATE OF OKLAHOMA           )
                           )ss:
COUNTY OF WASHINGTON        )

    Elizabeth J. Mitchell, of lawful age and being first duly sworn, states that she has read the

foregoing Petition, that she is familiar with the contents thereof, and that the allegations set forth

therein are true and correct.

_Elizabeth J. Mitchell_
Elizabeth J. Mitchell

Subscribed and sworn to before me this _16th_ day of March, 2012.

Shona Reel, Notary Public
Commission #2008931
Expires 06/14/14

SHONA REEL
NOTARY
# 02008931
EXP. 06/14/14
PUBLIC
STATE OF OKLAHOMA

Petition

## VERIFICATION

STATE OF OKLAHOMA           )
                           )ss:
COUNTY OF WASHINGTON        )

Stacy C. Neafus, of lawful age and being first duly sworn, states that he has read the foregoing Petition, that he is familiar with the contents thereof, and that the allegations set forth therein are true and correct.

_____
Stacy C. Neafus

Subscribed and sworn to before me this ___ day of March, 2012.

_____
Shona Reel, Notary Public
Commission #2008931
Expires 06/14/14

Petition                                                              Page 14

## VERIFICATION

STATE OF OKLAHOMA              )
                              )ss:
COUNTY OF WASHINGTON          )

    Cody I. Thomas, of lawful age and being first duly sworn, states that he has read the

foregoing Petition, that he is familiar with the contents thereof, and that the allegations set forth

therein are true and correct.

_____
Cody I. Thomas

Subscribed and sworn to before me this _____ day of March, 2012.

_____
Notary Public

SHONA REEL
NOTARY
# 02008931
EXP. 06/14/14
PUBLIC
STATE OF OKLAHOMA

## VERIFICATION

STATE OF OKLAHOMA          )
                          )ss:
COUNTY OF WASHINGTON       )

Carey W. Duniphin, of lawful age and being first duly sworn, states that he has read the foregoing Petition, that he is familiar with the contents thereof, and that the allegations set forth therein are true and correct.

_____
Carey W. Duniphin

Subscribed and sworn to before me this 16th day of March, 2012.

_____
Shona Reel, Notary Public
Commission #2008931
Expires 06/14/14

SHONA REEL
NOTARY
# 02008931
EXP. 06/14/14
PUBLIC
STATE OF OKLAHOMA

## IN THE DISTRICT COURT OF WASHINGTON COUNTY
### STATE OF OKLAHOMA

RUSSELL R. RENFRO,                         )
ADAM K. WALKER,                            )
SONYA J. WORTHINGTON,                      )
ELIZABETH J. MITCHELL,                     )
STACY C. NEAFUS,                           )
CODY I. THOMAS,                            )
CAREY W. DUNIPHIN,                         )
All Individuals, John and Jane Doe         )
                          Plaintiffs,      )   Case No.: CS-2012-68
v.                                         )
                                           )
CITY OF BARTLESVILLE, OKLAHOMA,            )
An Oklahoma Municipal Corporation.         )
                                           )
                          Defendant.       )

## FIRST AMENDED PETITION FOR INJUNCTIVE RELIEF,
### DECLARATORY RELIEF AND
### CLASS ACTION
#### (Modification of Parties-Plaintiff)

COMES NOW Russell R. Renfro, Adam K. Walker, Sonya J. Worthington, Elizabeth J. Mitchell, Stacy C. Neafus, Cody I. Thomas, Carey W. Duniphin, and John and Jane Doe, individually and as Plaintiffs herein, and for their causes of action against the Defendant, City of Bartlesville, an Oklahoma municipality, allege and state as follows, to-wit:

### JURISDICTIONAL FACTS

1.  The Plaintiffs are individuals residing in the City of Bartlesville, Washington County, Oklahoma.

2.  That the Defendant, City of Bartlesville, Oklahoma, is an Oklahoma municipality located in Washington County, Oklahoma.

3.  That the events relevant to the Plaintiff's cause of action took place at the Defendant's place of business, the Bartlesville Police Department or elsewhere in Bartlesville, Oklahoma, from on or about April 1st, 2010 to the present and are continuing.

4. That the Plaintiffs were past and present Bartlesville Police officers and at all times relevant hereto were employed by the City of Bartlesville.

5. That the Plaintiff's, John Doe and Jane Doe, are other city employees who are not protected by collective bargaining agreement and are fearful of retaliation by the City for being parties to this lawsuit.

## PRAYER FOR INJUNCTIVE RELIEF

6. That the City of Bartlesville (hereinafter "City" or "Defendant") collects and maintains personal information regarding employees as part of its policies and procedures.

7. That much of the information collected and maintained is personal and private information such as social security information and other such information that reasonable individuals would expect to be protected against invasion of such information and harm from disclosure of that information.

8. That the City has adopted rules and regulations concerning employees' personal information including the content of said information, the storage of such information, and the accessibility of said information by administrators of the City and/or other employees.

9. That the City, contrary to their own policies and procedures, requires employees who present medical bills for purposes of reimbursement from insurance, to disclose confidential medical records to other employees and then to the public.

10. That the City, in violation of their own policies and procedures, allows computers to be utilized for personal use, even allowing otherwise confidential information concerning employees to be disclosed to others.

11. That the City maintains inadequate computer security allowing otherwise unauthorized persons the ability to access private personnel files, without the employee's knowledge, consent or permission and contrary to the policies and procedures in effect.

12.  That the City is violating their own rules and regulations by maintaining multiple copies of information files including those kept separately in individual desks, cabinets, computers and have used such wrongfully retained information for disciplinary actions or other personnel review matters, including termination.

13.  That the City has in the past and is presently continuing to violate the rights of individuals by disclosing information to employees and by the publication of private and protected information to non-employees.

14.  That the City fails, in many instances, to maintain complete personnel files with documents missing such as commendations from the public, all contrary to the policies as set forth in its rules and regulations.

15.  That the City by allowing information be maintained by others and utilized in the fashion described creates an opportunity for such personal information to be wrongfully disseminated by other City employees or administrators for the purpose of retaliation, discrimination, and personal vindication.

16.  That the City, under the guise of "training films", has shown employees video of Plaintiff's Stacy C. Neafus and Sonya J. Worthington, which video served as the basis for their termination and was therefore part of their personnel file.

17.  That in addition to showing such information from personnel records to unauthorized persons, the Defendant, through the Bartlesville Police Department, has also taken said video outside the police department showing the video for other than "training" purposes.

18.  That releasing personal information of Defendant's employees in such an arbitrary and capricious manner demonstrates a lack of administrative control and a failure to follow the Defendant's own rules and procedures.

19.  That Defendant's administrators refuse to comply with their policies and procedures, State and Federal laws, even when directed by Court Order to do so, for which reason these

Plaintiffs are powerless to correct these wrongful actions and need the Court to order injunctive relief.

20. That the City of Bartlesville should be enjoined from violating federal and state laws in its practices as same create an immediate and irreparable threat of harm to all municipal employees and the Plaintiffs in particular.

21. That the City should be immediately ordered to collect and then to remove and destroy all personnel information maintained by any department other than that information required to be maintained by the City's policies and procedures, State or Federal law.

22. That the City should be ordered to adopt and enforce rules and regulations for the proper maintenance and use of information retained in regard to all City employees and the Plaintiffs in particular.

23. That this Court should immediately issue a protective order directing that any discovery produced in regard to this case may be first be reviewed, redacted where necessary, and approved by this Court before being filed in this case.

WHEREFORE, Plaintiffs pray for an order enjoining the Defendant, City of Bartlesville, from the improper practices hereinabove set forth; for attorneys' fees and costs of the action; and for such other and further relief as the Court may deem equitable and proper.

## DECLARATORY RELIEF

24. That Plaintiff incorporates by reference all allegations previously set forth in paragraphs 1 through 22 as if fully set forth herein.

25. That Plaintiffs have repeatedly requested information concerning their own personnel records but to date have not been provided a complete file of same by the City.

26. That such requests, although timely and properly made and in compliance with the Freedom of Information Act, did not include information from review boards, reasons for

promotion or demotion, letters of commendation from superior officers, or letters of a favorable nature from the public.

27. That failure to provide a complete file indicates that decisions made regarding promotion and/or demotion of the Plaintiffs, including termination, have been based upon documents withheld from the Plaintiffs, contrary to the Freedom of Information Act.

28. That "secret" files have been maintained for the purpose of punishing the Plaintiffs, by administrators for the City, in violation of both the policies and procedures of the City as well as an attempt to avoid compliance with the Freedom of Information Act requests.

WHEREFORE, Plaintiffs pray that the Court issue an order declaring such practices to be illegal pursuant to the Freedom of Information Act, improper pursuant to the policies and procedures of the City and order the Defendant to immediately comply with the State and Federal laws governing the protection, maintenance and disclosure of personnel matters; for attorneys' fees and costs; and for such other and further relief as the Court may deem equitable and proper.

## CLASS ACTION ALLEGATIONS

29. That the Plaintiffs set forth all allegations previously set forth in paragraphs 1 through 23 as if more fully set forth herein.

30. That Plaintiffs request the certification of a class action and state that the class of people represented by the Plaintiffs consists of all past and present employees of the City of Bartlesville and not just those employees of the Bartlesville Police Department.

31. That this class consists of those employees of the City who are citizens of Oklahoma and have been employed by the City during the four years preceding the filing of this action.

32. That it is estimated that this class will not exceed 200 in number and that all members of the proposed class have been subjected to the same course of action by the City or its agents. Therefore the proposed class shares many of the same facts in common.

33. That the questions of law and fact common to the proposed class include but are not limited to:

    (a)  Whether their demotion, promotion, or termiantion was based upon files not part of any personnel file normally maintained as required by City policies and procedures?

    (b)  Whether any employee requests pursuant to the Freedom of Information Act resulted in the production of incomplete personnel files?

    (c)  Whether information contained in personnel files, both properly maintained and maintained in "secret" was divulged to other persons, such information including social security, date of birth, family background, and/or medical history without the knowledge or permission of the employee affected?

    (d)  Whether there existed and/or still exists a concerted effort to avoid compliance with City policies and procedures, the Freedom of Information Act and other State and Federal law, by individual administrators of the City of Bartlesville?

34. That these questions of law and fact are common to the class and predominate over questions concerning individual class members.

35. That a class action is superior to other available methods for a fair and efficient adjudication of the controversy.

36. That if a class is not certified, the prosecution of different causes of action would create substantial risk from inconsistent judgments.

37. That the class action is the best device by which to prosecute this case as the uniform misconduct by the City presents no difficulty in managing the class action.

38. That the action by the Plaintiffs will fairly and adequately represent the members of the class and Plaintiffs are unaware of any potential conflict of interest which prevents them from serving as class representatives.

WHEREFORE, Plaintiffs on behalf of themselves and all other citizens of the State of Oklahoma similarly situated request relief as follows:

(a) That the Court certify this case as a class action with Plaintiffs as the class representatives and Plaintiffs' attorneys as class counsel;

(b) That the Court determine that the City be enjoined from any further illegal or improper actions against any member of the proposed class, involving the use of personnel files;

(c) That the City be ordered to take all necessary steps to protect the privacy of all members of the proposed class by destroying all files, documents, records or notes, not kept in strict compliance with Defendant's policies and procedures, Federal and/or State law.

(d) That the City be ordered to compensate the class for all damages suffered by them as a result of Defendant's illegal and improper employment practices, in an amount not less than Ten Thousand Dollars ($10,000.00) for each member of the class so injured;

(e) That the City be ordered to pay an amount in punitive damages to the class as a result of City's willful violations of their policies and procedures, State and Federal law;

(f) That the City be ordered to pay all costs and fees associated with this action;

(g) That the Court award each member of the class so injured such other and further relief as the Court may deem equitable and proper.

**JURY TRIAL REQUESTED.**

**ATTORNEY'S LIEN CLAIMED.**

THE LAW CENTER OF AKERS & ESSER

Johnny P. Akers, OBA#10711
Frederick S. Esser, OBA#2761
Law Center of Akers and Esser
401 S. Dewey, Suite 214
Bartlesville, Oklahoma 74003
Telephone: 918.336.1818
Fax: 918.338.0888
*Attorneys for the Plaintiffs*

## **VERIFICATION**

STATE OF OKLAHOMA                    )
                                                            )ss:
COUNTY OF WASHINGTON        )

Adam K. Walker, of lawful age and being first duly sworn, states that he has read the foregoing Petition, that he is familiar with the contents thereof, and that the allegations set forth therein are true and correct.

_____
Adam K. Walker

Subscribed and sworn to before me this _____ day of March, 2012.

_____
Shona Reel, Notary Public
Commission #2008931
Expires 06/14/14

SHONA REEL
NOTARY
# 02008931
EXP. 06/14/14
PUBLIC
STATE OF OKLAHOMA

**Petition**                                                          **Page 8**

## VERIFICATION

STATE OF OKLAHOMA          )
                          )ss:
COUNTY OF WASHINGTON       )

Russell R. Renfro, of lawful age and being first duly sworn, states that he has read the foregoing Petition, that he is familiar with the contents thereof, and that the allegations set forth therein are true and correct.

_____
Russell R. Renfro

Subscribed and sworn to before me this 20th day of March, 2012.

_____
Shona Reel, Notary Public
Commission #2008931
Expires 06/14/14

## IN THE DISTRICT COURT OF WASHINGTON COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| RUSSELL R. RENFRO, | ) | |
| ADAM K. WALKER, | ) | |
| SONYA J. WORTHINGTON, | ) | |
| ELIZABETH J. MITCHELL, | ) | |
| STACY C. NEAFUS, | ) | |
| CODY I. THOMAS, | ) | |
| CAREY W. DUNIPHIN, | ) | |
| All Individuals, John and Jane Doe | ) | |
| Plaintiffs, | ) | Case No.: CS-2012-68 |
| v. | ) | |
| | ) | |
| CITY OF BARTLESVILLE, OKLAHOMA, | ) | |
| An Oklahoma Municipal Corporation. | ) | |
| | ) | |
| Defendant. | ) | |

### SUMMONS

To:   Thomas LeBlanc
      Best and Sharp
      One West Third Street, Suite 900
      Tulsa, Oklahoma 74103

You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff.

Unless you Answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this 24th day of March 2012.

James R. Weaver

By _____
Deputy Court Clerk

(S E A L)

This Summons was served on _____
                              Date of service

_____
Signature of server

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

### Return ORIGINAL for filing.

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing Summons with a copy of the Petition attached to the following named Defendant at the addresses shown by the Certified Mail, Return Receipt Requested, U.S. Mail on the _____ day of March 2012, and receipt thereof on the date shown:

To:     Thomas LeBlanc
        Best and Sharp
        One West Third Street, Suite 900
        Tulsa, Oklahoma 74103

_____
(date receipted)

BY: _____
        Law Center of Akers and Esser