IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

RUSSELL R. RENFRO, ADAM K. WALKER, )
SONYA J. WORTHINGTON, ELIZABETH )
J. MITCHELL, STACY C. NEAFUS, )
CODY I. THOMAS, CAREY W. DUNIPHIN, )
　　　　　　　　　　　　　　　　　　　　)　Case No. 12-CV-208-GKF-PJC
　　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　)
v. )
　　　　　　　　　　　　　　　　　　　　)
CITY OF BARTLESVILLE, OKLAHOMA, )
an Oklahoma municipal corporation, )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant. )

**OPINION AND ORDER**

Before the court is the Motion to Dismiss [Dkt. #7] filed by defendant City of Bartlesville, Oklahoma (the "City"). The City seeks dismissal of plaintiffs' First Amended Petition pursuant to Fed.R.Civ.P. 12(b)(6).

Plaintiffs, all of whom are past or present Bartlesville police officers, sued the City in Washington County, Oklahoma, District Court, alleging the City's personnel record keeping and handling practices violate its policies and procedures, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 502, and other unspecified state and federal laws. They sought injunctive relief, declaratory judgment and damages. Initially, they also sought certification of a class of past and present employees of the City of Bartlesville.

The City removed the case to federal court pursuant to 28 U.S.C. § 1331, federal question jurisdiction. Subsequently, plaintiffs withdrew the request for class certification. [Dkt. ##18, 21].

The City contends the remaining claims should be dismissed for failure to state a claim upon which relief may be granted. Additionally, they contend dismissal is appropriate under the claim-splitting doctrine.

## I. Allegations of the Amended Petition.

Plaintiffs allege that the events relevant to their cause of action took place at the City's place of business, the Bartlesville Police Department or elsewhere in Bartlesville from on or about April 1, 2010, to the present and are continuing. [Dkt. #2-1, First Amended Petition, ¶3].

### Claim for Injunctive Relief

Plaintiffs allege the City, which collects and maintains personal and private information regarding employees as part of its policies and procedures, has adopted rules and regulations concerning the content, storage and accessibility of such information by City administrators and/or other employees. [*Id.,* ¶¶6-8]. Plaintiffs allege that the City, contrary to its own policies and procedures:

- requires employees who present medical bills for purposes of reimbursement from insurance, to disclose confidential medical records to other employees and then to the public. [*Id.,* ¶9];

- allows computers to be utilized for personal use, even allowing otherwise confidential information concerning employees to be disclosed to others. [*Id.,* ¶10];

- maintains inadequate computer security allowing otherwise unauthorized persons the ability to access private personnel files without the employee's knowledge, consent or permission. [*Id.,* ¶11];

- maintains multiple copies of information files including those kept separately in individual desks, cabinets and computers and has used such wrongfully retained information for disciplinary actions or other personnel review matters, including termination. [*Id.,* ¶12].

Plaintiffs also allege the City has violated the rights of individuals by disclosing information to employees and by publication of private and protected information to non-employees; has failed, in many instances, to maintain complete personnel files, with documents missing, such as commendations from the public; by allowing information to be maintained and utilized in the fashion described, and creating an opportunity for such personal information to be wrongfully disseminated by other City employees or administrators for the purpose of retaliation, discrimination and personal vindication. [*Id.,* ¶¶13-15]. They assert that under the guise of "training films," the City has shown employees video of Neafus and Worthington, which video served as the basis for their termination and was therefore part of their personnel file. [*Id.,* ¶16]. Additionally, the City, through the Police Department, has taken said video outside the police department, showing the video for other than "training" purposes. [*Id.,* ¶17]. They allege that releasing personal information of its employees in such an arbitrary and capricious manner demonstrates a lack of administrative control and a failure to follow defendant's own rules and procedures. [*Id.,* ¶18]. They state, "Defendant's administrators refuse to comply with their policies and procedures, State and Federal laws, even when directed by Court Order to do so, for which reason these Plaintiffs are powerless to correct these wrongful actions and need the Court to order injunctive relief." [*Id.,* ¶19].

Plaintiffs ask the court to "enjoin[] the City…from violating federal and state laws in its practices as same create an immediate and irreparable threat of harm to all municipal employees

3

and Plaintiffs in particular." [*Id.,* ¶20]. Additionally, they request that the City "be immediately ordered to collect and then to remove and destroy all personnel information maintained by any department other than that information required to be maintained by the City's policies and procedures, State or Federal law" and to "adopt and enforce rules and regulations for the proper maintenance and use of information retained in regard to all City employees and the Plaintiffs in particular." [*Id.,* ¶¶21-22]. Further, they ask the court to "immediately issue a protective order directing that any discovery produced in regard to this case may be first reviewed, redacted where necessary, and approve by this Court before being filed in this case." [*Id.,* ¶23].

## Claim for Declaratory Relief

Plaintiffs allege they have repeatedly requested information concerning their own personnel records but have not been provided a complete file of same by the City. [*Id.,* ¶25]. Plaintiffs allege that their requests, "although timely and properly made and in compliance with the Freedom of Information Act, did not include information from review boards, reasons for promotion or demotion, letters of commendation from superior officers, or letters of a favorable nature from the public." [*Id.,* ¶26]. They assert that "failure to provide a complete file indicates that decisions made regarding promotion and/or demotion of the Plaintiffs, including termination, have been based upon documents withheld from the Plaintiffs, contrary to the Freedom of Information Act." [*Id.,* ¶27]. Further, they allege "[t]hat 'secret' files have been maintained for the purpose of punishing the Plaintiffs, by administrators of the City, in violation of both the policies and procedures of the City as well as an attempt to avoid compliance with the Freedom of Information Act requests." [*Id.,* ¶28].

Plaintiffs ask the court to issue an order "declaring such practices to be illegal pursuant to the Freedom of Information Act, improper pursuant to the policies and procedures of the City

4

and order the Defendant to immediately comply with the State and Federal laws governing the protection, maintenance and disclosure of personnel matters." [*Id.,* p. 5].

Plaintiffs also seek damages "suffered by them as a result of Defendant's illegal and improper employment practices" in an amount of not less than $10,000 per person, as well as punitive damages, costs and attorney fees. [*Id.,* p. 7].

## II. Other Lawsuits Filed by Individual Plaintiffs

Plaintiffs Cody I. Thomas, Elizabeth J. Mitchell, Adam K. Walker and Sonya J. Worthington have each filed individual cases against the City, as follows:

### Cody I. Thomas

In *Thomas v. City of Bartlesville and Bartlesville FOP Lodge No. 117,* Case No. 11-CV-389-CVE-PJC ("Thomas Case"), Thomas originally alleged record-keeping deficiencies similar to those complained of in this case. He asserted claims for hostile work environment and national origin discrimination pursuant to Title VII; violation of FOIA; public disclosure of private information; violation of the Uniformed Services Employment and Re-Employment Rights Act ("USERRA"); and intentional infliction of emotional distress ("IIED").

Regarding his FOIA claim, Thomas alleged that he "repeatedly requested" information concerning his own personnel records, but was provided an "incomplete file." [Thomas Case, Dkt. #2, Complaint, ¶26]. With respect to his claim for public disclosure of private information, he alleged the Bartlesville Police Department allowed unidentified personal information to be publicly disclosed, and the defendants both encouraged an active policy of secret personnel files for use by the FOP for the purposes of grievances, promotions, discipline and termination. [*Id.,* ¶¶31,33].

5

District Judge Claire V. Eagan dismissed the FOIA claim, the claims for public disclosure of private information and violation of USERRA and the IIED claim. [*Id.,* Dkt. #11]. She gave Thomas leave to file an amended complaint re-alleging the USERRA and public disclosure of private fact claims, and to add a claim under the Oklahoma Open Records Act for injunctive or declaratory relief. [*Id.*].

Thomas's amended complaint asserted only the Title VII hostile work environment and discrimination claims. [*Id.,* Dkt. #12]. He asserted no OORA, public disclosure of private information, ESERRA or IIED claims, and deleted most factual allegations concerning the City's record-keeping practices. Thomas did continue to allege, however, that the City kept secret personnel files. The parties filed cross motions for summary judgment. Subsequently, plaintiff filed an application to dismiss the case without prejudice and a motion to withdraw his summary judgment motion. [*Id.,* Dkt. ##34, 35, 40, 41]. The court denied plaintiff's application to dismiss the case without prejudice, and granted defendant's motion for summary judgment on the Title VII claims. [*Id.,* Dkt. #63].

### Elizabeth J. Mitchell

Mitchell filed two lawsuits against the City of Bartlesville in this court: *Mitchell v. City of Bartlesville and Bartlesville FOP Lodge No. 117,* Case No. 11-CV-367-GKF-TLW ("Mitchell I"), filed June 13, 2011; and *Mitchell v. City of Bartlesville,* Case No. 11-CV-737-GKF-TLW ("Mitchell II"), filed November 23, 2011.

The complaint in Mitchell I alleged claims of Title VII hostile environment and gender discrimination, violation of the FOIA, public disclosure of private information, tortious interference with right to contract and IIED. [Mitchell I, Dkt. #2]. The City filed a motion to dismiss the FOIA, public disclosure of private information, tortious interference with right to

6

contract and IIED claims.  [*Id.,* Dkt. #8].  The FOP filed a motion to dismiss all claims. [*Id.,* Dkt. #9]. On March 2, 2012, the court granted the City's motion and granted in part and denied in part the FOP's motion, dismissing the FOIA, public disclosure of private information, tortious interference with right to contract and IIED claims.  [*Id.,* Dkt. #15].  The court gave Mitchell leave to amend the complaint to add a state OORA claim against the city. [*Id.*].

The complaint in Mitchell II alleged claims of Title VII hostile environment, gender discrimination and retaliatory practices.  [Mitchell II, Dkt. #2].  On March 7, 2012, the court granted the City's motion to dismiss the complaint in Mitchell II, finding the claims of the two cases involved the same plaintiff and defendant City and involved allegations of gender discrimination; thus, the second lawsuit was an example of impermissible claim splitting. [Mitchell II, Dkt. #13].  The court ruled that plaintiff would be permitted to add her retaliation claim to an amended complaint in Mitchell I.  [*Id.*, Dkt. #14].

Subsequently, in her First Amended Complaint in Mitchell I, plaintiff re-pleaded the hostile work environment and gender discrimination claims and added the retaliation claim. [Mitchell I, Dkt. #18].  Like Thomas, she did not assert an OORA claim, and she omitted most allegations concerning record keeping deficiencies.  Also like Thomas, she continued to assert the City kept secret personnel files. [*Id.*]. Four months later, she requested leave to file another amended complaint to add claims never before raised. [*Id.,* Dkt. #26].  The court denied the motion, finding plaintiff had unduly delayed raising the new claims and provided no adequate explanation for the delay.  [Dkt. #33].  Plaintiff filed a motion to reconsider, which was denied. [Dkt. ##34, 36].

7

**Adam K. Walker**

Walker's lawsuit, *Walker v. City of Bartlesville,* Case No. 11-CV-693-GKF-PJC ("Walker"), was filed November 4, 2011.  Walker's complaint asserted a Title VII claim for retaliatory practices.  [*Id.,* Dkt. #2].  Like Thomas and Mitchell, Walker complained about employment decisions made by the City, and alleged he suffered retaliation for bringing to the attention of his supervisor violations of general orders, discrepancies in promotion and treatment, and acts of discrimination.  [*Id.*].  He also asserted the City created secret personnel files, claimed he was subject to harassment regarding such files and alleged documents in his personnel file related to his job performance were "altered without his consent."  [*Id.*].  He sought actual damages in excess of $500,000 and punitive damages in excess of $500,000.  [*Id.*].  Subsequently, with leave of court, Walker filed a First Amended Complaint in which he added a claim for hostile work environment and adjusted his claim for damages as the result of an arbitration proceeding.  [*Id.,* Dkt. #15]. Neither his original complaint nor his amended complaint asserted FOIA, OORA or other state law claims related to record keeping practices.

**Sonya J. Worthington**

Worthington's lawsuit, *Worthington v. City of Bartlesville, Oklahoma,* Case No. 12-CV-221-GKF-TLW ("Worthington Case"), was filed April 18, 2102.  Worthington asserted Title VII claims of hostile work environment and gender discrimination.  [Worthington Case, Dkt. #2]. Worthington alleged certain of her qualifying test results and evaluations were "lost" by white male officers; when she requested her personnel file, she learned that "certain reports involving matters affecting her performance reviews were not included;" the City has ignored policies and procedures regarding the hiring, promotion and firing of employees; and the City has failed to train and educate employees regarding the "confidentiality of personnel records."  [*Id.*, ¶¶5, 11,

23, 24]. The complaint did not assert any FOIA, OORA or state law claims related to record keeping practices.

On November 28, 2012, the court granted the City's motion to dismiss the complaint for failure to state a claim upon which relief can be granted, but gave Worthington leave to file an amended complaint to attempt to meet *Twombly* standards with respect to the Title VII claims. [*Id.,* Dkt. #16]. The amended complaint has not yet been filed.

## II. Analysis

The City asserts the Amended Petition fails to state a claim upon which relief can be granted. Further, it contends any claims related to its record keeping practices are barred by the doctrine of claim splitting.

Federal Rule of Civil Procedure 8(a) requires a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require detailed factual allegations, but does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Naked assertions devoid of "factual enhancement" do not suffice. *Id.* Further, the court need not accept conclusory allegations as true. *Erikson v. Pawnee County Bd. of County Comm'rs.,* 263 F.3d 1151, 1154 (10th Cir. 2001).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007). The plausibility requirement does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Id.* at 556. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted).  The court must determine "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007).

Accepting the nonconclusory allegations as true, they must establish that the plaintiff plausibly, and not just speculatively, has a claim for relief.  *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008).  "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them."  *Id.* at 1248.

Plaintiffs have asserted claims for injunctive and declaratory relief.  Both are *remedies* rather than substantive claims.

An injunction is an equitable remedy. Federal Rule of Civil Procedure 65 sets out the procedural requirements for injunctive relief.  A party requesting a permanent injunction has the burden of showing:  (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.  *Fisher v. Oklahoma Health Care Authority,* 335 F.3d 1175, 1180 (10th Cir. 2003).

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction …, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).  The act "provides a procedure empowering a federal court to declare the legal rights and obligations of adversaries

engaged in a justiciable controversy." *Kunkel v. Continental Cas. Co.,* 866 F.2d 1269, 1273 (10th Cir. 1989). 28 U.S.C. § 2201(a). This language "presents two separate hurdles for parties seeking a declaratory judgment to overcome." *Id.* First, "a declaratory judgment plaintiff must present the court with a suit based on an 'actual controversy,' a requirement the Supreme Court has repeatedly equated to the Constitution's case-or-controversy requirement." *Surefoot LC v. Sure Foot Corp.,* 531 F.3d 1236, 1240 (10th Cir. 2008). "Second, even where a constitutionally cognizable controversy exists, the Act stipulates only that the district courts 'may'—not 'must'—make a declaration on the merits of that controversy." *Id.*

Thus, it is clear that regardless of whether plaintiffs seek injunctive or declaratory relief, to survive defendant's Rule 12(b)(6) motion, their Amended Petition must allege a cognizable *substantive* claim or claims.

Plaintiffs allege myriad defects in the City's personnel record keeping practices, including inadequate computer security, failure to maintain complete personnel files, retention of multiple copies of files, disclosure of private information to non-employees, and failure to provide plaintiffs with copies of their personnel files. They contend these practices violate the City's "policies and procedures" as well as "federal and state laws."

A violation of an internal policy does not, by itself, give rise to a recognizable cause of action. *See Porro v. Barnes,* 624 F.3d 1322, 1329 (10th Cir. 2010) (plaintiff bears the burden of proving that the *Constitution*, and not merely a policy, has been implicated).

Further, the *only* law specifically identified in the Amended Petition is the FOIA. However, as recognized by the court in its orders in the individual plaintiffs' cases, FOIA does not apply to municipalities; it applies only to the federal government. *See* 5 U.S.C. §§ 551, 552; *Davidson v. Georgia,* 622 F.2d 895, 897 (5th Cir. 1980) (stating that FOIA "has no application to

11

state governments"). Plaintiffs have failed to allege a cognizable substantive claim. Therefore, the Amended Petition must be dismissed.

In their response to the City's motion, plaintiffs request leave to amend their Amended Petition to correct its deficiencies. Plaintiffs' request is denied. While plaintiffs could potentially state a claim for OORA or other state law violations, they have identified no federal law violations upon which a claim for relief could be based. Absent a viable federal claim, this court would lack subject matter jurisdiction of the case.

Having determined plaintiffs' Amended Petition fails to meet *Twombly* pleading standard, the court does not reach the City's claim-splitting argument.

### IV. Conclusion

For the reasons set forth above, defendants' Motion to Dismiss [Dkt. #7] is granted.

ENTERED this 30th day of November, 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT